MINUTE ENTRY
KNOWLES, M.J.
MARCH 18, 2009

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**MBS MANAGEMENT SERVICES, INC.**                     **CIVIL ACTION**

**VERSUS**                                            **NO. 07-4833**

**HARTFORD FIRE INSURANCE CO., ET AL**                **SECTION "A" (3)**

     On this date Hartford's Motion to Compel Production of Documents (Doc. #60) and Plaintiff's Cross-Motion to Quash (Doc. #64), which was construed as an opposition to Hartford's discovery motion, came on for hearing before the undersigned Magistrate Judge. Present were Anthony D'Alto, II on behalf of MBS, James Paul Nader on behalf of Hartford and Charles Pierre Carriere, III, on behalf of Wright & Percy, Ins. At issue are additional documents and materials responsive to Hartford's RFP Nos. 10, 16, 21, 28, 39, 48, 51, 52, 54 and 57, which seek documents relating to the $27 million dollar business interruption claim submitted by MBS post-Katrina, including documents relating to its acquisitions and dispositions of properties, its financial state and its relationship with investors and lenders. Pursuant to the hearing and for reasons stated therein, including the district judge's instruction that "discovery may proceed to the extent it is possible," the Court issued the following orders:

     **IT IS ORDERED** that Plaintiff's Motion to Quash (Doc. #64) is DENIED and the accompanying Motion for Expedited Hearing (Doc. # 65) is DISMISSED AS MOOT.

MJSTAR(00:15)

**IT IS ORDERED** that **Defendant's Motion to Compel #60** is GRANTED IN PART[1] as more particularly set forth below:

1. Plaintiff's shall conduct a thorough search of all MBS computer servers and desktop computers for emails and other critical correspondence during the critical gap period (May, 2005 through March, 2006) that may have been downloaded, saved and filed by employees other than the Smucks.

2. Plaintiff's search shall include a thorough attempt to identify and retrieve memoranda described by CFO Coutour which were purportedly generated in WORD format and saved on MBS's computer system.[2]

3. Plaintiff shall also provide general description of the computer hard drives, files, folders searched and their location.

4. No later than April 20, 2009,[3] plaintiff shall provide any responsive documentation directly to Hartford's counsel and any materials withheld to the undersigned for *in camera review*.

---

[1] Insofar as Hartford seeks the execution of the release forms authorizing AOL to release any and all electronic documents sent or received by the Smucks during the pertinent time frame, Hartford's motion is moot in part. The Court was advised that this has been accomplished and that said email correspondence will issue to counsel for MBS, who will review same, provide any responsive documents to Hartford and provide any documentation withheld to the undersigned for *in camera* review, together with a privilege log.

[2] As set forth in greater detail in Hartford's submissions and the subject discovery requests, the documents sought by Hartford include but are not limited to: (1) CFO Brent Couture's his regular daily memoranda addressed to the principals and other MBS employees which outlined the insurance policies purchased on behalf of MBS, estimates and or any description of damages sustained by MBS as a result of Hurricane Katrina; and (2) MBS staff accountants' financial memoranda prepared and submitted to MBS principals on a regular basis.

[3] Plaintiff's counsel was advised that, should circumstances warrant, any application for additional time to complete the production may be made to the undersigned.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**