UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CLAUDE C. LIGHTFOOT, JR., substituted as Trustee of the Unsecured Creditors' Trust formed in connection with the bankruptcy of MBS | CIVIL ACTION |
| VERSUS | NO: 07-4833 |
| HARTFORD FIRE INSURANCE COMPANY, ET AL. | SECTION: "A" (3) |

## ORDER AND REASONS

Before the Court is a **Motion for Summary Judgment (Rec. Doc. 186)** filed by RSUI Indemnity Company, Inc. ("RSUI"). Plaintiff Claude C. Lightfoot, Jr. ("Plaintiff") opposes the Motion. The Motion, set for hearing on September 29, 2010, is before the Court on the briefs without oral argument. For the reasons previously given on August 9, 2010 (Rec. Doc. 155) and the reasons that follow, the Motion is **DENIED**.

A genuine issue of material fact still remains as to whether the Spreadsheet submitted by MBS Management Services, Inc. ("MBSMS") is the Statement of Values referenced in RSUI's insurance policy ("the Policy"). Even though RSUI has submitted the affidavit of Mr. Adamson to prove that the Spreadsheet is the Statement of Values referenced in RSUI's insurance policy, a factual dispute still remains as to whether the Spreadsheet is the Statement of Values referred to in RSUI's insurance policy. Contrary to RSUI, Plaintiff is not obligated to produce the Statement of Values, a document allegedly on file with RSUI, in order to defeat a motion for summary judgment; Plaintiff need only demonstrate that a factual dispute remains as to whether the Spreadsheet proffered is the Statement of Values. *See Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574,

1

587 (1986) ("[T]he nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial."). Here, the Spreadsheet still remains undated with illegible headings and is inconsistent with the endorsements to the policy. Although RSUI asserts that the endorsements provide separate coverage from the Spreadsheet, there still remain discrepancies between the figures in the endorsements and the values on the Spreadsheet when referencing the same properties. (*See* Policy, Endorsement No. 3, Endorsement No. 18.) Because the Spreadsheet is not dated, the Court cannot determine whether the Spreadsheet values or the endorsement values are controlling. In addition, the Policy specifically references the "latest Statement of Values." (RSUI's Mem. Supp. Mot. Summ. J. 7.) Thus, even if the Spreadsheet is the Statement of Values, there is no way to ascertain whether the Spreadsheet is the "latest" file on record with RSUI given that it is not dated, and the Spreadsheet was a document that had been altered in the past.

Finally, RSUI's interpretation of the Policy renders the Policy meaningless. If RSUI's interpretation is adopted, then there would be no business interruption coverage for MBSMS's Metairie office unless a hurricane damaged the Metairie office *and* at least $19,900,001 worth of damage to MBSMS's other property in either Florida or Texas within a seventy two (72) hour period in order to surpass the $20,000,000 threshold and trigger RSUI's business interruption coverage for the office. Such an interpretation is absurd when RSUI was collecting premiums for business interruption coverage for the Metairie office.

Because the Spreadsheet remains as the only evidence presented by RSUI to support its motion for summary judgment, RSUI has failed to present sufficient evidence to demonstrate that MBSMS lacks business interruption coverage for the Metairie office.

Accordingly, and for the foregoing reasons;

**IT IS HEREBY ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 186)** filed by Defendant RSUI Indemnity Company, Inc. is **DENIED**.

This 12th day of October, 2010.

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE