UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CLAUDE C. LIGHTFOOT, JR.,  
substituted as Trustee of the Unsecured  
Creditors' Trust formed in connection  
with the bankruptcy of MBS

CIVIL ACTION

VERSUS

NO: 07-4833

HARTFORD FIRE INSURANCE
COMPANY, ET AL.

SECTION: "A" (3)

## ORDER AND REASONS

Before the Court is a **Motion to Preclude the Expert Testimony of Mark O'Rear (Rec. Doc. 242)** filed by Defendants, Homeland Insurance Company ("Homeland"), RSUI Indemnity Company, Inc. ("RSUI"), and Wright & Percy Insurance ("Wright & Percy") (collectively "Defendants"). Plaintiff, Claude C. Lightfoot, Jr. ("Plaintiff"), opposes the Motion. The Motion, set for hearing on October 27, 2010, is before the Court on the briefs without oral argument. For the reasons that follow, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

## I. BACKGROUND

This matter arises out of an insurance dispute concerning coverage under several different insurance policies for losses incurred as a result of Hurricane Katrina. MBS Management Services, Inc. ("MBSMS") was a real estate company whose principal place of business was located in Metairie, Louisiana. (Compl. ¶¶ 1, 9.) MBSMS dealt mainly with multi-family residential apartment complexes. (*Id.* at ¶ 4.) MBSMS was part of a conglomerate of different MBS entities. (*See* Defs.' Mem. Supp. Mot. to Preclude the Expert Testimony of Mark O'Rear 3.) The MBS entities primarily generated income by purchasing properties, managing them for a period of time,

1

and then selling them for a profit. (Compl. ¶ 9.)

Prior to Hurricane Katrina, MBSMS contacted Wright & Percy, a retail broker, to procure insurance on its behalf. (*Id.* at ¶ 15.) Wright & Percy placed the insurance through another insurance broker, American E & S Insurance Brokers California, Inc. ("American E & S"), who secured insurance from Hartford Fire Insurance Company ("Hartford"), Homeland, and RSUI. (*Id.* at ¶¶ 16-17.) Three layers of insurance were acquired for MBSMS - a primary layer of $10,000,000 from Hartford, a secondary layer of $10,000,000 from Homeland, and a tertiary layer of $480,000,000 from RSUI. (*Id.* at ¶¶ 11-13.) The insurance policies provided coverage for business interruption losses sustained by MBSMS. (*Id.* at. ¶¶ 11-13.)

In late August of 2005, Hurricane Katrina struck and caused significant damage to MBSMS's Metairie office, resulting in considerable business interruption losses. (*Id.* at ¶¶ 19-22.) MBSMS notified Wright & Percy of its losses. (*Id.* at ¶ 22.) Brent Couture, MBSMS's Chief Financial Officer and Chief Operating Officer from 2003-2006, however, authorized Wright & Percy to tell Hartford "that the claim was being withdrawn" after determining that the covered losses would not exceed the deductible on MBSMS's primary layer of insurance with Hartford. (Couture Dep. 90:5 - 91:12, Oct. 30, 2008.) On March 7, 2007, Wright & Percy contacted Hartford to re-open MBSMS's claim for business loss interruption. (Compl. Ex. A.)

MBSMS then filed suit on August 28, 2007 against Wright & Percy, American E & S, Hartford, Homeland, and RSUI. (*See id.*) The Complaint alleges that Hartford, Homeland, and RSUI wrongfully failed to pay MBSMS's claims for business income losses and extra expenses. (*Id.* at ¶¶ 36-40.) The Complaint also alleges that Wright & Percy failed to prosecute and process MBSMS's insurance claim, retired MBSMS's insurance claim without authorization, and colluded

with the insurer defendants to suppress MBSMS's insurance claims. (*Id.* at ¶¶ 53-78.) Plaintiff also contends that Wright & Percy is liable for "negligence, breach of contract, breach of fiduciary duty and misrepresentation" because it represented to MBSMS that MBSMS's claims did not exceed policy deductibles, and because it failed "to procure adequate insurance coverage with sufficient limits to cover" all MBS entities. (*Id.* at ¶¶ 79-87.)

Subsequent to filing suit, MBSMS also filed a voluntary petition for Chapter 11 bankruptcy, at which point Plaintiff Claude C. Lightfoot, Jr., the trustee of the Unsecured Creditors' Trust established by MBSMS's bankruptcy plan, was substituted into this litigation for MBSMS as Plaintiff. (Rec. Doc. 102.) At a mediation held on September 23, 2010, Plaintiff reached a settlement with Hartford. (Rec. Doc. 220.) In an effort to demonstrate damages sustained, Plaintiff retained Mark O'Rear as an expert witness to opine as to the damages sustained by the MBS entities for lost acquisitions and dispositions. (Defs.' Mem. Supp. Mot. to Preclude the Expert Testimony of Mark O'Rear 4.)

Defendants filed the instant motion to preclude the testimony of Mr. O'Rear because his testimony is neither relevant nor reliable under the Federal Rules of Evidence. (*Id.* at 1.) Specifically, Defendants argue that Mr. O'Rear's testimony is irrelevant because his damage calculations pertain to all MBS entities and not just MBSMS, the only insured entity under the insurance policies. (*Id.* at 1-2.) In addition, Defendants assert that Mr. O'Rear's testimony is unreliable given that (1) he did not account for non-continuing expenses; (2) he never determined the accuracy of the percentage for claimed expenses for lost management fees; (3) he failed to verify the information relating to fees incurred for the acquisition and disposition of properties; (4) he failed to ascertain the identity or availability of equity partners for the MBS entities; (5) he never

3

determined whether the identified failed acquisitions were lost due to a suspension of operations due to physical damage; and (6) he did not consider the changes in the real estate market for residential apartment complexes.  (*Id.* at 2-3.)

Conversely, Plaintiff opposes the motion, arguing that Mr. O'Rear's testimony is both relevant and reliable to the claims asserted against Defendants.  (Pl.'s Mem. Opp'n. to Mot. to Preclude the Expert Testimony of Mark O'Rear 4-17.)  Primarily, Plaintiff contends that Mr. O'Rear's testimony is relevant because MBSMS is entitled to make a claim for all MBS entities, including MBS Realty Investors, Ltd. ("MBSRI"), and all the income generated from MBSRI flowed to MBSMS.  (*Id.* at 4-5.)  Alternatively, Plaintiff argues that Mr. O'Rear's testimony is relevant to show the damages incurred by MBSMS for Wright & Percy's failure to procure adequate insurance.  (*Id.* at 5.)  Plaintiff further contends that Defendants' objections as to the reliability of Mr. O'Rear's testimony go to the weight to be given to Mr. O'Rear's testimony, rather than the admissibility of his testimony.  (*Id.* at 6.)

## II. DISCUSSION

The proponent of expert testimony has the burden of proving that the proffered testimony is admissible.  *U.S. v. Fullwood*, 342 F.3d 409, 412 (5th Cir. 2003).  Rule 702 of the Federal Rules of Evidence governs the admissibility of expert witness testimony.  Fed. R. Evid. 702; *see also Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 588 (1993); *United States v. Hitt*, 473 F.3d 146, 158 (5th Cir. 2006).  Rule 702 provides in pertinent part:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. The Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals, Inc.* "provides the analytical framework for determining whether expert testimony is admissible under Rule 702." *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 243 (5th Cir. 2002). In order for evidence to be admissible under *Daubert*, the evidence must be both reliable and relevant. *Daubert*, 509 U.S. at 589; *see also Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 147 (1999). The district court serves as a gatekeeper in determining the admissibility of expert testimony. *Fullwood*, 342 F.3d at 412.

In *Daubert*, the Supreme Court articulated a number of nonexclusive factors that may be relevant to the reliability inquiry, including: (1) whether the technique has been tested, (2) whether the technique has been subjected to peer review and publication, (3) the potential error rate, (4) the existence and maintenance of standards controlling the technique's operation, and (5) whether the technique is generally accepted in the relevant scientific community. *Daubert*, 509 U.S. at 593-94; *see also Pipitone*, 288 F.3d at 244. These factors, however, "may or may not be pertinent in assessing reliability depending on the nature of the issue, the expert's particular expertise, and the subject of his testimony." *Kumho Tire,* 526 U.S. at 150. In addition to reliability, *Daubert* requires that expert testimony be relevant. *Daubert*, 509 U.S. at 591. Expert testimony is relevant under *Daubert* if it assists the trier of fact in understanding the evidence. *Id.*

   *A. Reliability*

The Court finds that Mr. O'Rear's proffered expert testimony is reliable under the Federal Rules of Evidence. Although the Court notes Defendants' objections to Mr. O'Rear's testimony, the Court finds that these objections go to the factual basis of Mr. O'Rear's testimony. As a result, Defendants' challenges to Mr. O'Rear's testimony concern the weight and credibility to be given

to his testimony, not the admissibility of his testimony. *See Moss v. Ole South Real Estate,* Inc., 993 F.2d 1300, 1307 (5th Cir. 1991).

### *B. Relevance*

The Court concludes that Mr. O'Rear's testimony is irrelevant because his damage calculations are not specific to MBSMS. Rather, Mr. O'Rear's calculations account for the damages incurred by the MBS entities as a whole. Nevertheless, the Court has ruled that MBSMS is the only insured MBS entity under the Homeland and RSUI insurance policies. (Rec. Doc. 313.) Moreover, Mr. O'Rear readily admits that his damage analysis pertains to the "MBS Companies as a whole, not individual legal entities." (O'Rear Dep. 57:8-10, Sept. 15, 2010.) Even though Mr. O'Rear was aware that all the MBS entities might not be insured under the Homeland and RSUI insurance policies and that the damage calculations might need to be divided up separately for each entity, he never performed such an analysis. (*Id.* at 59:12-22.)

In addition, the evidence demonstrates that MBSRI sustained most of the damages calculated in Mr. O'Rear's report. Several individuals have testified that MBSRI conducted the acquisitions and dispositions and generated income as a result. (*See* Smuck, Sr. Dep. 25:25-26:3, 62:3-10, Aug. 20, 2009; Fanberg Dep. 28:1-29:9, 39:6-18, 42:14-43:1, 62:2-19, 325:7-326:18, June 24, 2010, Rusnak Aff. ¶ 5, Sept. 13, 2010.) MBSRI also was the entity to which offer letters were submitted. (*See* Smuck, Sr. Dep. 38:20-39:5.) Furthermore, MBSRI primarily was the entity that received the acquisition fees. (*See id.* at 25:25-26:3.) MBSRI also is the entity that holds the line of credit. (Rusnak Aff. ¶ 6.) Plaintiff has failed to refute Defendants' evidence that MBSRI sustained most of the damages calculated by Mr. O'Rear.

Furthermore, the Court finds that Mr. O'Rear's testimony is not relevant to Plaintiff's claim

against Wright & Percy for failure to obtain adequate insurance given that the Court previously ruled that this claim had been perempted. (*See* Rec. Doc. 315.) As the proponent of Mr. O'Rear's expert testimony, Plaintiff is obligated to demonstrate its relevancy. Nevertheless, Plaintiff has failed to show how Mr. O'Rear's damage calculations for all the MBS entities are relevant to the damages sustained by MBSMS. Given that Mr. O'Rear did not distinguish between the damages incurred by MBSMS and the damages incurred by all MBS entities, the Court concludes that Mr. O'Rear's proffered testimony is irrelevant.

### III. CONCLUSION

Accordingly, and for the foregoing reasons;

**IT IS HEREBY ORDERED** that the **Motion to Preclude the Expert Testimony of Mark O'Rear (Rec. Doc. 242)** filed by Defendants, Homeland, RSUI, and Wright & Percy is **GRANTED IN PART** and **DENIED IN PART**;

**IT IS FURTHER ORDERED** that Plaintiff is granted an additional two weeks to amend Mr. O'Rear's expert report to account for the damages solely incurred by MBSMS;

**IT IS FURTHER ORDERED** that Defendants are granted two weeks to respond upon receipt of Mr. O'Rear's amended expert report.

This 26th day of January, 2011.

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE