UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CLAUDE C. LIGHTFOOT, JR.,<br>substituted as Trustee of the Unsecured<br>Creditors' Trust formed in connection<br>with the bankruptcy of MBS | CIVIL ACTION |
| VERSUS | NO: 07-4833 |
| HARTFORD FIRE INSURANCE<br>COMPANY, ET AL. | SECTION: "A" (3) |

## ORDER AND REASONS

Before the Court is a **Motion to Reconsider Granting of RSUI's Motion for Summary Judgment on Plaintiff's "Failed Acquisition" Claim (Rec. Doc. 362)** filed by Plaintiff, Claude C. Lightfoot, Jr. ("Plaintiff"). Defendant, RSUI Indemnity Company, Inc. ("RSUI"), opposes the motion. The motion, set for hearing on January 19, 2011, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is **GRANTED IN PART** and **DENIED IN PART**.

## I. BACKGROUND

MBS Management Services, Inc. ("MBSMS"), a former real estate company, filed suit against various insurers for business interruption losses allegedly sustained from Hurricane Katrina.[1] (Compl. at ¶¶ 19-22.) Prior to Hurricane Katrina, MBSMS contacted a retail broker, Wright &

---

[1] Subsequent to filing suit, MBSMS filed a voluntary petition for Chapter 11 bankruptcy, at which point Plaintiff, Claude C. Lightfoot, Jr., the trustee of the Unsecured Creditors' Trust established by MBSMS's bankruptcy plan, was substituted into this litigation for MBSMS as Plaintiff. (*See Ex Parte* Consent Mot. to Substitute Party Pl.)

1

Percy Insurance, a division of Bancorp South Insurance Services, Inc. to procure insurance on its behalf. (Compl. at ¶ 15.) Wright & Percy placed the insurance through another insurance broker, American E & S Insurance Brokers California, Inc., which secured insurance from several insurers. (*Id.* at ¶¶ 16-17.) The insurers provided three layers of insurance to MBSMS - a primary layer of $10,000,000 from Hartford Fire Insurance Company, a secondary layer of $10,000,000 from Homeland Insurance Company, and a tertiary layer of $480,000,000 from RSUI. (*Id.* at ¶¶ 11-13.)

Initially, Plaintiff's damages expert, Mark O'Rear, opined that the MBS entities sustained $27.2 million in lost profits as a result of Hurricane Katrina. (Rec. Doc. 359 at 3.) Based on Mr. O'Rear's calculations, RSUI filed a motion for summary judgment, arguing that RSUI was entitled to summary judgment because MBSMS's failed acquisition damages were incurred beyond the Period of Restoration designated in the insurance policy, or alternatively, that RSUI was entitled to summary judgment because most of MBSMS's damages were incurred by an uninsured MBS entity, MBSRI. (Rec. Doc. 191.)

The Court granted summary judgment for RSUI after finding that RSUI's policy did not provide coverage for MBSMS's failed acquisitions given that the failed acquisitions were incurred beyond the "Period of Restoration" set forth in the policy. (Rec. Doc. 359 at 7-9.) In response, Plaintiff filed the instant motion for reconsideration, arguing that the "Extended Period of Indemnity" clause under the RSUI policy provides coverage for MBSMS's business interruption losses that were sustained beyond the "Period of Restoration." (Pl.'s Mem. Supp. Mot. for Recons. 4-5.) After Plaintiff's motion for reconsideration was filed, the Court ordered Mr. O'Rear to amend his expert report to account for the damages solely incurred by MBSMS. (Rec. Doc. 378.) The Court then ordered Plaintiff to submit Mr. O'Rear's amended report to assist in ruling on the motion for

reconsideration. (Rec. Doc. 411.) The Court also granted Plaintiff leave to file a supplemental memorandum and allowed Defendants to file an opposition. (Rec. Doc. 412.) According to Mr. O'Rear's amended report, the total losses sustained by MBSMS from Hurricane Katrina total either approximately $15.6 million or $12.1 million. (O'Rear Am. Expert Report 4.)

## II. STANDARD OF REVIEW

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration. *Bass v. United States Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir.2000). Nevertheless, the Fifth Circuit has treated a motion for reconsideration as a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure when filed twenty-eight days after entry of the judgment from which relief is being sought. *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir.1998); *see also* Fed. R. Civ. P. 59(e). Motions filed under Rule 59(e) question the correctness of a judgment. *In re Transtexas Gas Corp.,* 303 F.3d 571, 581 (5th Cir.2002). A Rule 59(e) motion may be granted on four grounds: (1) the motion is necessary to correct a manifest error of law or fact upon which judgment is based; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in controlling law. *Lines v. Fair Ins. Co.,* No. 08-1045, 2010 WL 4338636, at *1 (E.D. La. Oct. 21, 2010) (citing *Peterson v. Cigna Group Ins.*, No. 99-2112, 2002 WL 1268404, at *2 (E.D. La. June 5, 2002). A district court has considerable discretion in granting or denying a Rule 59(e) motion. *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 174 (5th Cir.1990). Granting a Rule 59(e) motion is an extraordinary remedy and "should not be used to re-litigate old matters, raise new arguments, or present evidence that could

3

have been raised prior to the entry of judgment." *Gabarick v. Laurin Mar. (America) Inc.*, No. 08-4007, 2010 WL 5437391, at *5 (E.D. La. Dec. 23, 2010).

## III. <u>DISCUSSION</u>

The Court finds that Plaintiff's Motion for Reconsideration should be granted under Rule 59(e) to the extent that the Court relied on incorrect facts in determining that the RSUI policy provided no insurance coverage beyond the Period of Restoration. The Court finds that the "Extended Period of Indemnity" clause in the insurance policy allows Plaintiff to recover losses incurred beyond the Period of Restoration. Although Plaintiff directs the Court to the "Extended Period of Indemnity" clause for the first time in the motion for reconsideration, the Court finds that it would be unjust not to consider this argument. Specifically, the "Extended Period of Indemnity" clause provides that additional coverage exists for losses incurred until the date that business operations could be restored "with due diligence and dispatch, to the level which would generate the amount of sales that would have existed had no direct physical loss or damage occurred." (Pl.'s Mem. Supp. Mot. for Recons. 4.) Because the "Extended Period of Indemnity" clause affords additional coverage until a date when business operations can be restored with due diligence, the Court finds that Plaintiff may recover losses on behalf of MBSMS that were incurred beyond the "Period of Restoration" set forth in the policy.

Although the "Extended Period of Indemnity" clause increases the period of time for which Plaintiff can recover losses from RSUI, the Court finds that RSUI still is entitled to summary judgment on its "Failed Acquisition" claims because MBSMS's damages do not exceed the $20 million liability limit underlying the RSUI policy. Based on Mr. O'Rear's amended damages calculation, MBSMS incurred either $15.6 million or $12.1 million worth of damages as a result of

Hurricane Katrina. Because these damages do not exceed $20 million, the RSUI policy will not be exhausted. Therefore, RSUI is entitled to summary judgment.

## IV. CONCLUSION

Accordingly, and for the foregoing reasons;

**IT IS HEREBY ORDERED** that the **Motion to Reconsider Granting of RSUI's Motion for Summary Judgment on Plaintiff's "Failed Acquisition" Claim (Rec. Doc. 362)** filed by Plaintiff, Claude C. Lightfoot, Jr. is **GRANTED IN PART** and **DENIED IN PART**. The motion is granted to the extent that the RSUI policy affords coverage beyond the "Period of Restoration" identified in the policy. The motion is denied to the extent that RSUI is entitled to summary judgment on the "Failed Acquisition" claims.

**IT IS FURTHER ORDERED** that Plaintiff's complaint against RSUI is **DISMISSED WITH PREJUDICE**.

June 8, 2011

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE