UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLAUDE C. LIGHTFOOT, JR.,** substituted as Trustee of the Unsecured Creditors' Trust formed in connection with the bankruptcy of MBS MANAGEMENT SERVICES, INC. | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 07-4833** |
| **HARTFORD FIRE INSURANCE COMPANY, HOMELAND INSURANCE COMPANY OF NEW YORK, RSUI INDEMNITY COMPANY, AMERICAN E & S INSURANCE BROKERS NEW YORK, INC., and WRIGHT AND PERCY INSURANCE AGENCY, A DIVISION OF BANCORPSOUTH INSURANCE SERVICES, INC.** | **SECTION: G(3)** |

**ORDER AND REASONS**

Before the Court are Plaintiff's Motion to Reconsider Order Granting Homeland's Motion for Partial Summary Judgment with Respect to Any Claimed Damages Not Sustained by MBS Management Services, Inc.[1] and Plaintiff's Motion to Reconsider Order Granting Homeland's Motion for Summary Judgment on Plaintiff's Bad Faith Claims.[2] Defendant filed its opposition to both motions on February 21, 2012.[3] Having considered the motions, the response, the prior orders and case file, and the applicable law, for the following reasons, the Court denies Plaintiff's motions for reconsideration.

---

[1] Rec. Doc. 473.

[2] Rec. Doc. 474.

[3] Rec. Doc. 476.

1

## I. Background

This case has a long and drawn-out history, with the majority of activity having occurred prior to the date on which it was reassigned from Section "A", Judge Zainey, to Section "G" of this Court on October 7, 2011.[4] The case involves an insurance dispute "concerning coverage under several different insurance policies for losses incurred as a result of Hurricane Katrina."[5] The remaining parties herein are Plaintiff Claude C. Lightfoot, Jr. ("Plaintiff"), as trustee of the Unsecured Creditors' Trust established by the bankruptcy plan of MBS Management Services, Inc. ("MBSMS"), and Defendant Homeland Insurance Company ("Defendant").

When MBSMS's claims arose, MBSMS managed multi-family residential apartment complexes. MBSMS claims that it was also in the business of buying and selling these complexes for a profit; however, Defendant claims that companies related to MBSMS, including MBS Realty Investors, Ltd. ("MBSRI"), handled the buying and selling of the complexes and that MBSMS only managed the properties. MBSMS filed an insurance claim, which included claims resulting from losses due to MBSRI's inability to buy and sell properties. Defendant disputed this claim and refused to pay.

Now before this Court are two motions to reconsider filed by Plaintiff. In the first, Plaintiff seeks reconsideration of Judge Zainey's October 13, 2010 order in which Judge Zainey granted partial summary judgment, finding that no genuine issue of material fact existed regarding whether entities other than MBSMS were insured under the Defendant's insurance policy.[6] As a result, Judge

---

[4] Rec. Doc. 461.

[5] Rec. Doc. 357 at p. 1.

[6] Rec. Doc. 313 at p. 14.

Zainey ruled that damages sustained by affiliated entities are not covered under the insurance contract and that "Plaintiff may not recover business interruption losses from entities other than MBSMS or assert bad faith claims on behalf of entities other than MBSMS."[7] In the second motion for reconsideration, Plaintiff seeks reconsideration of Judge Zainey's November 23, 2010 order in which Judge Zainey granted summary judgment regarding bad faith claims, finding that a good faith dispute existed regarding the insurance claim, such that Defendant's failure to pay Plaintiff's claim was not arbitrary or capricious and did not warrant a bad faith cause of action under Louisiana law.[8] Both motions for reconsideration were filed on February 14, 2012[9] and assert the same arguments for reconsideration as were asserted in two motions for reconsideration previously filed before Judge Zainey,[10] which themselves simply reasserted the arguments presented in the original motions practice.

Defendant filed its Memorandum in Opposition to both motions on February 21, 2012,[11] arguing that Plaintiff's motions for reconsideration are untimely under Federal Rule of Civil Procedure 60(b) and that they fail to meet the applicable standard for reconsideration.

---

[7] *Id.*

[8] Rec. Doc. 357 at pp. 10-12.

[9] Rec. Docs. 473, 474.

[10] Rec. Doc. 375 (denying motion to reconsider summary judgment regarding bad faith claims); Rec. Doc. 421 (denying motion to reconsider grant of summary judgment as to "failed acquisition" claims, which was granted partially on the basis that damages were incurred by an uninsured MBS entity).

[11] Rec. Doc. 476.

## II.  Law and Analysis

### A. *Standard of Review on Motion for Reconsideration*

Although the Fifth Circuit has noted that the Federal Rules "do not recognize a 'motion for reconsideration' *in haec verba*,"[12] it has consistently recognized that such a motion may challenge a judgment or order under Federal Rules of Civil Procedure 54(b), 59(e), or 60(b).[13] Rules 59 and 60, however, apply only to final judgments.[14] An order on a motion for partial summary judgment is interlocutory and the trial court has discretion to reconsider or reverse its decision.[15] An interlocutory order is not final because the court "at any time before final decree [could] modify or rescind it."[16]

Therefore, when a party seeks to revise an order that adjudicates fewer than all the claims

---

[12] *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990).

[13] *Id*. (Rules 59 and 60); *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *3-4 (E.D. La. Apr. 5, 2010) (Vance, C.J.) (Rule 54).

[14] Rule 59 concerns motions to "alter or amend a judgment" whereas Rule 60 can provide relief from "a *final* judgment, order, or proceeding." Fed. R. Civ. P. 60(b) (emphasis added). The Advisory Committee Notes of 1946 state that "[t]he addition of the qualifying word 'final' emphasizes the character of judgement, orders or proceedings from which *Rule 60(b)* affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires." Fed. R. Civ. P. 60(b) (1946 Advisory Committee Notes). *See* also, *Helena Labs. Corp.*, 483 F. Supp. 2d 538 (E.D. Tex. 2007) (motion was improperly filed under Rule 59(e) when there existed no final judgment that had been entered). *See also*, *Lambert v. McMahon*, No. 06-10679, 2007 U.S. App. LEXIS 5220 (5th Cir. Mar. 6, 2007) (where there was no entry of final judgment, requests could not be considered under Rule 60(b)); *Greene v. Union Mut. Life Ins. Co.*, 764 F.2d 19, 37 (1st Cir. 1985) (finding that a district court's decision to dismiss fewer than all counts of a complaint did not constitute a basis for any final judgment, such that it was error for the district court to have applied a Rule 60(b) standard to a motion seeking reconsideration of the dismissal).

[15] *Lavespere*, 910 F.2d at 185 (citing Fed. R. Civ. P. 54(b) and *Bon Air Hotel, Inc. v. Time, Inc.*, 426 F.2d 858, 862 (5th Cir. 1970)).

[16] *Bon Air Hotel*, 426 F.2d at 862 (quoting *John Simmons Co. v. Grier Brothers Co.*, 258 U.S. 82, 88 (1922)).

among all of the parties, Federal Rule of Civil Procedure 54(b) controls.[17] The Rule states:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.[18]

Under Rule 54(b), the district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."[19] However, this broad discretion[20] must be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays.[21] Further, the decision of the district court to grant or deny a motion for reconsideration will only be reviewed for an abuse of discretion.[22]

The general practice of courts in this district has been to evaluate Rule 54(b) motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment.[23] A Rule 59(e) motion "calls into question the correctness of a judgment,"[24]

---

[17] Fed. R. Civ. P. 54(b). *See also*, *Helena Labs*, 483 F. Supp. 2d 538 (motion for reconsideration under Rule 59(e) treated as under Rule 54(b) because reconsideration of partial summary judgment order was sought and no final judgment had yet been entered in the case).

[18] Fed. R. Civ. P. 54(b).

[19] *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981).

[20] *See Calpetco 1981 v. Marshall Exploration, Inc.*, 989 F.2d 1408, 1414-15 (5th Cir. 1993).

[21] *See, e.g.,* 18B Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 4478.1 (2d ed. 2002).

[22] *Martin v. H.M.B. Constr. Co.*, 279 F.2d 495, 496 (5th Cir. 1960) (citation omitted). *See also*, *Garcia v. Woman's Hosp. of Tex.*, 97 F.3d 810, 814 (5th Cir. 1996).

[23] *See, e.g., Castrillo*, 2010 WL 1424398, at *3; *Rosemond v. AIG Ins.*, No. 08-1145, 2009 WL 1211020, at *2 (E.D. La. May 4, 2009) (Barbier, J.); *In re Katrina Canal Breaches*, No. 05-4182, 2009 WL 1046016, at *1 (E.D. La. Apr. 16, 2009) (Duval, J.).

[24] *Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp. (In re Transtexas Gas Corp.)*, 303 F.3d 571, 581 (5th Cir. 2002).

and courts have considerable discretion in deciding whether to grant such a motion.[25] In exercising this discretion, courts must carefully balance the interests of justice with the need for finality.[26] Courts in the Eastern District of Louisiana have generally considered four factors in deciding a motion under the Rule 59(e) standard:

> (1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;
> (2) the movant presents newly discovered or previously unavailable evidence;
> (3) the motion is necessary in order to prevent manifest injustice; or
> (4) the motion is justified by an intervening change in controlling law.[27]

Although Rules 59 and 60 set forth specific time frames during which reconsideration may be sought,[28] Rule 54 sets forth no such limitation.[29] However, importantly, Rule 54(b) motions, like those under Rules 59(e) and 60(b), are not the proper vehicle for rehashing evidence, legal theories, or arguments.[30] Instead, they "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[31] "It is well settled that motions for reconsideration should not be used . . . to re-urge matters that have already been advanced by a

---

[25] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

[26] *Id.* at 355-56.

[27] *See, e.g.*, *Castrillo*, 2010 WL 1424398, at *4 (citations omitted).

[28] Fed R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). Fed. R. Civ. P. 60(c) ("A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.").

[29] Fed. R. Civ. P. 54(b) (stating that the order "may be revised at any time" before entry of final judgment). The only limitation imposed on Rule 54(b) reconsideration is if the court issues an order expressly stating that there is "no just reason for delay," in which case the order becomes a final, appealable judgment. *Zapata Gulf Marine Corp. v. Puerto Rico Maritime Shipping Auth.*, 925 F.2d 812, 815 (5th Cir. 1991).

[30] *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).

[31] *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).

party."[32]

Reconsideration, therefore, is not to be lightly granted, as "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly"[33] and the motion must "clearly establish" that reconsideration is warranted.[34] When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.[35]

### B. *Analysis*

In its motions for reconsideration, Plaintiff argues that questions of material fact exist, such that the Court was wrong to grant partial summary judgment on the issues from which relief is sought.[36] However, Plaintiff does nothing more than rehash arguments already presented not once, but twice, as these same arguments were presented in Plaintiff's original motions practice and in Plaintiff's previous motions for reconsideration submitted to Judge Zainey. Additionally, although Plaintiff argues in a conclusory fashion that manifest injustice will result if the Court does not correct the prior rulings, it provides nothing to demonstrate that any alleged errors rise to the level of

---

[32] *Helena Labs.*, 483 F. Supp. 2d at 539 (citing *Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990)).

[33] *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004).

[34] *Schiller v. Physicians Res. Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

[35] *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F.Supp. 2d 471 (M.D. La. 2002). *See also*, *Mata v. Schoch*, 337 BR 138 (S.D. Tex. 2005) (refusing reconsideration where no new evidence was presented). *See also*, *FDIC v. Cage*, 810 F.Supp. 745, 747 (D. Miss. 1993) (refusing reconsideration where the motion merely disagreed with the court and did not demonstrate clear error of law or manifest injustice).

[36] Plaintiff also asserts that the Court must reconsider Defendant's motion to preclude the expert testimony of Kenneth J. Boudreaux if it grants reconsideration of the order granting summary judgment as to Plaintiff's bad faith claims. Because the Court finds reconsideration unwarranted as to Plaintiff's bad faith claims, it need not reconsider the testimony of Dr. Boudreaux.

7

manifest error required for a motion to reconsider.

Defendant argues that Plaintiff's motions are untimely, but Defendant incorrectly applies the Rule 60(b) standards, which are not applicable here because the orders from which relief are sought are not yet final. However, Defendant is correct that Plaintiff fails to meet the appropriate standard, which is actually that under Rule 54(b). Because Plaintiff does nothing more than "re-urge matters that have already been advanced by a party,"[37] reconsideration is inappropriate. Reconsideration is an "extraordinary remedy" that must be used sparingly and with full consideration of the importance of finality of judgments. Here, Plaintiff has presented no independent reason to justify reconsideration, and simply allowing a party to reassert the same arguments ad nauseam does nothing but waste judicial time and resources while calling into question the finality of judgments.

### III. Conclusion

Mere disagreement with a prior ruling, as asserted here, does not support a motion for reconsideration, and the Court, therefore, finds reconsideration unwarranted. For the reasons set forth above,

**IT IS ORDERED** that Plaintiff's motions for reconsideration[38] are **DENIED**.

**NEW ORLEANS, LOUISIANA**, this __2nd__ day of March, 2012.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[37] *Helena Labs.*, 483 F. Supp. 2d at 539 (citing *Browning*, 894 F.2d at 100).

[38] Rec. Docs. 473, 474.