UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLAUDE C. LIGHTFOOT, JR., substituted as Trustee of the Unsecured Creditors' Trust formed in connection with the bankruptcy of MBS MANAGEMENT SERVICES, INC.** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 07-4833** |
| **HARTFORD FIRE INSURANCE COMPANY, HOMELAND INSURANCE COMPANY OF NEW YORK, RSUI INDEMNITY COMPANY, AMERICAN E & S INSURANCE BROKERS NEW YORK, INC., and WRIGHT AND PERCY INSURANCE AGENCY, A DIVISION OF BANCORPSOUTH INSURANCE SERVICES, INC.** | **SECTION: G(3)** |

### ORDER AND REASONS

Before the Court is Plaintiff Claude C. Lightfoot, Jr.'s ("Plaintiff")[1] Motion in Limine to Exclude Deposition Testimony of Michael Smuck, Sr. and Michael Smuck, Jr. at Trial, filed March 7, 2012.[2] Defendant Homeland Insurance Company ("Defendant") filed its opposition on March 8, 2012.[3] Having reviewed the motion, the response, the record, and the applicable law, the Court will deny the motion.

### I. Background

In this motion, Plaintiff argues that Defendant should be prohibited from introducing the deposition testimony of Michael Smuck, Sr. and Michael Smuck, Jr. (collectively, "the Smucks") at trial given that both will be present and will testify live at trial. Plaintiff argues that, therefore, any

---

[1] Plaintiff appears as trustee for the original party, MBS Management Services, Inc., which has since declared bankruptcy.

[2] Rec. Doc. 485.

[3] Rec. Doc. 489.

testimony Defendant seeks can be elicited on cross-examination and that the Defendant could reference the deposition testimony if necessary to impeach. Plaintiff argues only that because the Smucks will testify live, introduction of the deposition testimony would be unduly cumulative and that it is within the Court's discretion to exclude the deposition testimony.

The deposition testimony in question was obtained under Federal Rule of Civil Procedure 30(b)(6), as the Smucks were deposed as corporate representatives of the original plaintiff to this action, MBS Management Services, Inc. ("MBSMS"). Defendant responds that the Federal Rules of Civil Procedure specifically allow the use of such deposition testimony for any purpose, regardless of whether the witnesses are available to testify live.

## II. Law and Analysis

Federal Rule of Civil Procedure 32(a)(3) provides that an "adverse party may use *for any purpose* the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6). . . ."[4] A Rule 30(b)(6) designee is one who testifies on an entity's behalf and who must testify about information "known or reasonably available to the organization."[5] Unlike Federal Rule of Civil Procedure 32(a)(2), the use of deposition testimony is not confined to use for impeachment.

The Fifth Circuit has specifically declared that "[a]s stated, [Rule 32(a)(2)] permits a party to introduce the deposition of an adversary as part of his substantive proof regardless of the adversary's availability to testify at trial"[6] and has held that it is error for the district court to prohibit

---

[4] Fed. R. Civ. P. 32(a)(3) (emphasis added).

[5] Fed. R. Civ. P. 30(b)(6).

[6] *Coughlin v. Capitol Cement Co.*, 571 F.2d 290, 308 (5th Cir. 1978) (citations omitted).

an adversary's use of deposition testimony of a designee.[7] Although it is harmless error to exclude such deposition testimony where a designee is available to testify live, it is still error to do so.[8]

Here, the Smucks were deposed under Federal Rule of Civil Procedure 30(b)(6) as designees for MBSMS. Therefore, their depositions clearly fall within the confines of Federal Rule of Civil Procedure 32(a)(3). Both the language of that rule and Fifth Circuit case law are clear that the Smucks' deposition testimony can, therefore, be used for "any purpose" by the adverse party, regardless of whether the witness appears live. Defendant is an adverse party and, therefore, is entitled to introduce the deposition testimony even though the Smucks will be available to testify live.

### III. Conclusion

Based upon the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion in Limine to Exclude Deposition Testimony of Michael Smuck, Sr. and Michael Smuck, Jr. at Trial is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this   9th   day of March, 2012.

*[signature: Nannette Jolivette Brown]*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[7] *Id. See also, Brazos River Authority v. GE Ionics, Inc*, 469 F.3d 416, 434 (5th 2006) (noting that a court must allow deposition testimony of a 30(b)(6) designee); *Aetna Casualty Co. v. Guynes*, 713 F.2d 1187, 1194 (5th Cir. 1983).

[8] *Jackson v. Chevron Chemical Co.*, 679 F.2d 463, 466 (5th 1982). *See also, Coughlin*, 571 F.2d at 308; *Aetna*, 713 F.2d at 1194.