## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLAUDE C. LIGHTFOOT, JR., substituted as Trustee of the Unsecured Creditors' Trust formed in connection with the bankruptcy of MBS MANAGEMENT SERVICES, INC.** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 07-4833** |
| **HARTFORD FIRE INSURANCE COMPANY, HOMELAND INSURANCE COMPANY OF NEW YORK, RSUI INDEMNITY COMPANY, AMERICAN E & S INSURANCE BROKERS NEW YORK, INC., and WRIGHT AND PERCY INSURANCE AGENCY, A DIVISION OF BANCORPSOUTH INSURANCE SERVICES, INC.** | **SECTION: G(3)** |

## ORDER AND REASONS

Before the Court is Defendant Homeland Insurance Company of New York's ("Defendant") Brief on Contested Issues of Law and Evidentiary Objections ("Brief"),[1] filed on March 12, 2012 in accordance with this Court's Order of March 9, 2012.[2] Although Defendant's Brief raises numerous issues, this Order will consider only Defendant's request that this Court reconsider Judge Jay Zainey's prior ruling[3] precluding Defendant from introducing evidence of the parties' intent as to the meaning of the term "exhausted" in the insurance policy at issue here. Plaintiff failed to submit a brief on contested issues of law, timely or otherwise, and is therefore deemed to have waived[4] any objections to the contested issues of law outlined by the parties in their pretrial order.

_____

[1] Rec. Doc. 499.

[2] Rec. Doc. 490.

[3] Rec. Doc. 454.

[4] The Court's order specifically stated that "[a]ny issue not briefed by this date will be deemed waived." *Id.*

1

Having reviewed Defendant's Brief, the Record, and the applicable law, the Court will grant Defendant's request for reconsideration and will modify the previous order denying Defendant's Motion in Limine.  Defendant will be allowed to present evidence regarding the intent of the parties in construing the exhaustion provision of the insurance policy.

## I.  Background

The Court has previously set forth the factual and procedural background of this case and will not do so again.  The parties are referred to this Court's March 5, 2012 order,[5] as well as to the numerous prior rulings of the judge previously assigned to this case, Judge Jay Zainey.[6]

Here, Defendant seek reconsideration of Judge Zainey's order[7] denying its Motion in Limine[8] to present evidence of the parties' intent as to the meaning of "exhausted" in the insurance contract at issue in this case.  Previously, Defendant filed a Motion for Summary Judgment, in which Defendant argued that Plaintiff could not establish that the underlying insurance had been exhausted.[9]  Judge Zainey denied that motion, finding the exhaustion provision to be ambiguous and, therefore, leaving a disputed issue of fact as to whether the underlying insurance was exhausted.[10]  In its original summary judgment motion, Defendant did not make an alternative argument regarding what evidence Judge Zainey should consider if he found the exhaustion provision to be ambiguous;

---

[5] Rec. Doc. 484.

[6] *See, e.g.,* Rec. Doc. 313.

[7] Rec. Doc. 454.

[8] Rec. Doc. 438.

[9] Rec. Doc. 303.

[10] Rec. Doc. 377.

instead, Defendant presented that argument in its later Motion in Limine, now the subject of reconsideration here.

Plaintiff filed its opposition to the original Motion in Limine, arguing that Defendant should have made its alternative argument in the original summary judgment motion, but setting forth no case law or other legal authority to indicate that Defendant had waived its right then to put forth the alternative argument.[11]   Plaintiff also argued that the Motion in Limine was untimely and that it sought relief "beyond the bounds of what was contemplated by the Court at the pre-trial conference."[12]  Importantly, Plaintiff put forth no substantive arguments about why the Court should preclude the jury from considering extrinsic evidence about the intent of the parties.  The only substantive argument advanced by Plaintiff was a public policy argument disagreeing with Defendant's proposed meaning of exhaustion.[13]  As this Court has noted above, Plaintiff did not file a trial memoranda, nor did it file any objection to Defendant's Brief, which serves as the basis of the issue now before the Court.  Therefore, Plaintiff has advanced no argument in further opposition to Defendant's request for reconsideration.

In its Brief, Defendant argues that it should "be permitted to introduce evidence of the intent of the parties as to the meaning of the term 'exhausted' in the Homeland Policy,"[14] which provided:

**It is a condition of this Agreement that indemnity provided herein shall apply**

---

[11] Rec. Doc. 448 at p. 2.

[12] *Id.*

[13] *Id.* at p. 3.

[14] Rec. Doc. 499 at p. 13.

**only after all primary and other underlying insurance has been exhausted.**[15]
According to Defendant,[16] its previously filed Motion in Limine seeking to present evidence of the parties' intent as to the meaning of "exhausted" was wrongly denied in light of the Court's prior ruling[17] that the term "exhausted" was ambiguous.  Defendant argues that Louisiana Civil Code Article 2053, among other articles, "prescribes" evidence to be considered when there is ambiguity regarding the meaning of a term.[18]  Although Defendant recognizes that a provision in an insurance contract is to be construed against the insurer where ambiguity exists, Defendant argues that a provision is to be construed against the insurer only *after* the jury has considered evidence relevant to determining the intent of the parties.[19]

Defendant argues that Judge Zainey committed "manifest and reversible error" by precluding the evidence sought to be admitted by Defendant.[20]  Additionally, Defendant argues that a Louisiana appellate case decided since Judge Zainey issued his order denying Defendant's *Motion in Limine* necessitates that this Court reconsider the issue at this time.[21]

---

[15] *Id.* at p. 13 (citing Homeland Policy, Excess of Loss Agreement of Indemnity Following Form Aggregate, at 1).

[16] Rec. Doc. 499 at p. 13.

[17] Rec. Doc. 377 at p. 10.  The Court determined that the exhaustion requirement could require establishing that the loss exceeded the underlying limits or could require establishing that Hartford paid the underlying limits.  *Id.* Additionally, the Court determined that the fact that Hartford had not paid the full value of its limit was relevant and admissible because "the jury needs to decide" whether the Homeland policy was exhausted.  Rec. Doc. 393 at pp. 4-5.

[18] Rec. Doc. 499 at p. 15.

[19] *Id.* at p. 15 (citing La. Civil Code arts. 2048, 2049, 2053, 2054, and 2055).

[20] Rec. Doc. 499 at p. 16.

[21] *Id.* at p. 17 (citing *Johnson v. Orleans Parish Sch. Bd.*, 2011 La. App. LEXIS 1578, at *23-24 (La. App. 4 Cir. Dec. 20, 2011)).

4

## II.  Law and Analysis

### A.  Standard of Review on Motion for Reconsideration

The Court has previously set forth in this very case the standard of review on a motion for reconsideration.  Accordingly, the parties are referred to this Court's March 5, 2012 order[22] for a fuller recitation of the appropriate standard.  Relevant here is (1) the fact that courts have considerable discretion in deciding whether to grant a motion for reconsideration[23] and (2) the particular considerations which may support granting reconsideration.  Courts in the Eastern District of Louisiana have generally considered four factors in deciding a motion under the Rule 59(e) standard:

> (1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;
> (2) the movant presents newly discovered or previously unavailable evidence;
> (3) the motion is necessary in order to prevent manifest injustice; or
> (4) the motion is justified by an intervening change in controlling law.[24]

Here, Defendant argues both manifest error of law and an intervening change in the controlling law.  Although Defendant cites a Louisiana appellate court case decided since Judge Zainey's order denying the original Motion in Limine, Defendant has not demonstrated that the cited case reflects an intervening change in the controlling law.  Instead, the provision that Defendant quotes appears to be merely a recitation of the law as it would have stood prior to Judge Zainey's ruling.  Indeed, in a 1999 case, the Louisiana Supreme Court specifically stated, "If, after applying

---

[22] *Id.*

[23] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

[24] *See, e.g., Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *4 (E.D. La. Apr. 5, 2010) (Vance, C.J.) (citations omitted).

the other general rules of construction, an ambiguity remains, the ambiguous contractual provision is to be construed against the insurer who furnished the policy's text . . ."[25]  Therefore, Defendant's argument that "'the proper method of resolving this ambiguity is not to automatically construe the ambiguous language against [the insurer]'"[26] is not new: courts should first look to other rules of construction contained within the Louisiana Civil Code before construing an ambiguous provision against the insurer-drafter.

Defendant's Brief adds no arguments not previously presented in its earlier Motion in Limine; it adds only a case citation that does not actually demonstrate an intervening change in the controlling law, and it merely recites arguments previously presented.  Nonetheless, this Court finds it arguable that Judge Zainey's ruling was manifestly erroneous and that it is, therefore, appropriate for this Court to reconsider whether Defendant should be allowed to present evidence of the parties' intent regarding the meaning of the exhaustion provision in the insurance policy in question. Accordingly, the Court now turns to an analysis of whether it should modify Judge Zainey's prior ruling.

**B.  Admissibility of Evidence Regarding Intent of Parties**

Under Louisiana law, an insurance policy is "a conventional obligation that constitutes the law between the insured and insurer, and the agreement governs the nature of their relationship."[27] Accordingly, "courts are guided by certain principles of construction and should interpret insurance

---

[25] *Peterson v. Schimek*, 729 So. 2d 1024, 1028 (La. 1999).

[26] Rec. Doc. 499 at p. 17 (quoting *Johnson*, 2011 La. App. LEXIS 1578, at *23-24).

[27] *Peterson*, 729 So. 2d at 1028 (citing La. Civ. Code art. 1983).

policies the same way they do other contracts, by using the general rules of contract interpretation as set forth in [the] Civil Code."[28]   In interpreting an insurance contract, the court's role is to "ascertain the common intent of the insured and insurer as reflected by the words in the policy."[29] Where the words of the insurance policy are clear, courts are to interpret the contract as written and are not to delve into the parties' intent[30]; in such instances, the court is to look only to the four corners of the instrument.[31]

However, when the policy is ambiguous, the court must turn to the rules of construction outlined in the Civil Code.[32]   A provision is ambiguous where it is "reasonably subject to more than one meaning."[33]   The Civil Code sets forth a number of factors to consider in determining which possible meaning accurately reflects the intent of the parties.  Importantly, "[a] doubtful provision must be interpreted in light of the nature of the contract, equity, usages, the conduct of the parties before and after the formation of the contract, and of other contracts of a like nature between the same parties."[34]   It is only "[i]f, after applying the other general rules of construction, an ambiguity remains, the ambiguous contractual provision is to be construed against the insurer who furnished

---

[28] *Id.* (citing *Ledbetter v. Concord Gen. Corp.*, 665 So. 2d 1166, 1169 (La. 1996); *Crabtree v. State Farm Ins. Co.*, 632 So. 2d 736 (La. 1994)).  *See also, LeBlanc v. Aysenne*, 921 So. 2d 85, 89 (La. 2006).

[29] *Id.* (citing La. Civ. Code art 2045; *Ledbetter*, 665 So. 2d at 1169).  *See also, Edwards v. Daugherty*, 883 So. 2d 932, 940 (La. 2004).

[30] *Id.*

[31] *Brown v. Drillers, Inc.*, 630 So. 2d 741 (La. 1994).

[32] *Hettig & Co. v. Union Mut. Life Ins. Co.*, 781 F.2d 1141, 1143 (5th Cir. 1986) (citations omitted).

[33] *Id.*

[34] La. Civ. Code art. 2053.

the policy's text . . . ."[35]  Therefore, ambiguity is not automatically construed against the drafter; the court must first look to the other rules of construction contained within the Civil Code, which may necessitate consideration of extrinsic evidence.[36]  In situations of ambiguity where extrinsic evidence was not considered, the Fifth Circuit has ordered cases remanded to allow consideration of the extrinsic evidence in determining the meaning of an ambiguous provision.[37]

Here, Judge Zainey previously determined that the exhaustion term within the insurance policy was ambiguous.  As a result, under clear Louisiana law, Defendant must be allowed to present evidence as to the parties' intent.  Only after such evidence has been presented, if the provision is still ambiguous, should the provision be construed against Defendant.  Judge Zainey erred in not allowing Defendant to first present evidence as to intent, and this Court finds that error to be manifest and in need of correction.  The Court will allow Defendant to present evidence regarding the intent of the parties regarding the meaning of the exhaustion provision and will instruct the jury that it should construe the provision against Defendant only if it still believes the provision to be ambiguous after considering the relevant evidence regarding the parties' intent.

---

[35] *Peterson*, 729 So. 2d at 1029 (citing La. Civ. Code art. 2056; *Crabtree*, 632 So. 2d at 741).

[36] *Barreca v. Weiser*, 53 So. 3d 481, 491 (La. App. 4 Cir. 2010) (stating that "the use of extrinsic evidence is proper, where an insurance contract is found to be ambiguous after examination of the four corners of the instrument" and that "where uncertainty exists as to the terms of a written contract, because its provisions are susceptible to more than one interpretation or when the intent of the parties cannot be ascertained from the language employed, parol evidence is admissible to clarify the ambiguity or show the intention of the parties").  *See also, Reinhardt v. Barger*, 15 So. 3d 122, 125 (La. App. 1 Cir. 2009) ("the court may look to extrinsic evidence to determine the parties' intent").

[37] *Hettig*, 781 F.2d at 1146 ("Because the note is as reasonably susceptible to one interpretation as the other, we remand the case for trial to consider any extrinsic evidence which sheds light on the actual meaning of this ambiguous provision.").  *See also, City of El Paso v. El Paso Entertainment, Inc.*, 382 Fed. Appx. 361, 368 (5th Cir. 2010) ("But it is evident from the record that the parties did not fully develop the record because each side believed the terms were unambiguous for a different reason.  Therefore, this matter is best resolved on remand by a full hearing to allow the parties to present extrinsic evidence and otherwise develop their positions.").

### III.  Conclusion

For the reasons set forth above,

**IT IS ORDERED** that Defendant's request for reconsideration of Judge Zainey's prior order is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court will modify the previous order denying Defendant's Motion in Limine,[38] and Defendant will be allowed to present evidence regarding the intent of the parties in construing the exhaustion provision of the insurance policy.

**NEW ORLEANS, LOUISIANA**, this  23rd  day of March, 2012.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[38] Rec. Doc. 454.