UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CLAUDE C. LIGHTFOOT, JR., substituted as Trustee of the Unsecured Creditors' Trust formed in connection with the bankruptcy of MBS MANAGEMENT SERVICES, INC. | CIVIL ACTION |
| **VERSUS** | **NO. 07-4833** |
| HARTFORD FIRE INSURANCE COMPANY, HOMELAND INSURANCE COMPANY OF NEW YORK, RSUI INDEMNITY COMPANY, AMERICAN E & S INSURANCE BROKERS NEW YORK, INC., and WRIGHT AND PERCY INSURANCE AGENCY, A DIVISION OF BANCORPSOUTH INSURANCE SERVICES, INC. | **SECTION: "G" (3)** |

## ORDER AND REASONS

Before the Court is Defendant Homeland Insurance Company of New York's ("Homeland") Motion for Costs.[1]  Therein, Homeland requests that the Court grant its motion for costs in the amount of $31,647.29.  Having considered the motion, the response, the reply, the record, and the applicable law, for the following reasons, the Court grants Homeland's motion for costs.

## I.  Background

A complaint was filed in this matter on August 28, 2007 by MBS Management Services, Inc. ("MBS") against a number of companies, including Homeland Insurance Company of New York ("Homeland"), to recover under insurance policies for losses incurred as a result of Hurricane Katrina.[2]  Claude C. Lightfoot, Jr., as Trustee of the MBS Unsecured Creditors' Trust,

---

[1] Rec. Doc. 534.

[2] Rec. Doc. 1.

was substituted as the plaintiff in this action after MBS filed for bankruptcy.[3]   On March 27

2012, Claude C. Lightfoot, Jr.   ("Plaintiff") moved to voluntarily dismiss the claims, with

prejudice, in order to expedite review of various interlocutory rulings that made it impossible to

demonstrate damages in excess of $10 million—a condition precedent to recovering against

Homeland.[4]   Homeland did not oppose the motion, and on March 28, 2012 this Court granted

Plaintiff's motion in accordance with Federal Rule of Civil Procedure 41(a)(2).[5]

On April 4, 2012, Homeland filed the pending Motion for Costs to recover $32,647.29 of

expenses incurred in this litigation pursuant to Federal Rules of Civil Procedure 54(d) and

41(a)(2).   Plaintiff opposed the motion for costs on April 20, 2012.[6]   With leave of Court,

Homeland filed a reply in further support of the pending motion.[7]

## II.  The Parties' Arguments

### A.  Homeland's Motion for Costs

Homeland requests that this Court award it $31,647.29 for the costs of the litigation

pursuant to Federal Rules of Civil Procedure 54(d) and 41(a)(2).[8]  Homeland argues that it is the

"prevailing party" as a result of Plaintiff's voluntary dismissal of this action pursuant to Rule

---

[3] Rec. Doc. 102.

[4] Rec. Doc. 530-1 at p. 2.

[5] Rec. Doc. 532.

[6] Rec. Doc. 535.

[7] Rec. Doc. 539.

[8] Rec. Doc. 534.

41(a)(2), and, as such, Homeland is entitled to recoverable costs pursuant to Rule 54(d), which provides:

> (1) *Costs Other Than Attorney's Fees.* Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party.  But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 days' notice.  On motion served within the next 7 days, the court may review the clerk's action.

According to Homeland, Fifth Circuit precedent supports an award of costs to Homeland in this case.  First, Homeland notes that in *Schwarz v. Folloder*[9] the Fifth Circuit vacated the district court's denial of defendant's motion for costs after determining that the defendant was the "prevailing party" where the case was dismissed pursuant to Rule 41(a)(2).[10]  Second, Homeland relies on *Bentley v. Fanguy*,[11] where the Fifth Circuit cited *Schwarz* in affirming an award of attorney's fees to defendant as the "prevailing party" after a Rule 12(b)(6) motion was granted.[12]

Finally, Homeland notes that the costs incurred in defending this litigation are all recoverable costs, as set forth in 28 U.S.C. § 1920.  In support of its request for costs, Homeland submits two affidavits and business records outlining the costs.[13]

---

[9] 767 F.2d 125 (5th Cir. 1985).

[10] Rec. Doc. 534-1 at p. 1.

[11] 396 Fed. Appx. 130 (5th Cir. 2010).

[12] Rec. Doc. 534-1 at p. 1.

[13] Rec. Docs. 534-4, 534-5.

**B.  Plaintiff's Opposition to the Motion for Costs**

Plaintiff argues in opposition that the particular circumstances of this case warrant a refusal of any award of costs to the prevailing party, but, alternatively, that the award of costs should be reduced by four deposition transcript fees and copying costs for failure to demonstrate that the items were "necessarily obtained for use in the case."[14]  According to Plaintiff, "[t]he district court retains broad discretion in determining whether and to what extent it should award costs to a prevailing party."[15]

Plaintiff maintains that it is within the Court's discretion to determine that the particular circumstances of a case warrant a refusal of any award of costs to the prevailing party.[16] Plaintiff contends that unique circumstances here suggest that the Court should not award any costs.  Specifically, the original plaintiff in this litigation is in bankruptcy and any award to Homeland would amount to expense in the bankruptcy proceeding, thereby reducing the funds available to pay the creditors in the MBSMS bankruptcy.[17]

In the event the Court determines that Homeland should be awarded costs, Plaintiff contends that the award of costs should be reduced by deposition transcript fees and copying costs.  According to Plaintiff, "[b]efore the Court can tax costs, it must find that the costs were necessarily incurred in the litigation, and this finding must be based on some proof of

---

[14] Rec. Doc. 535 at p. 2 (citing *Fogleman v. ARAMCO (Arabian American Oil Company)*, 920 F.2d 278, 285-86 (5th Cir. 1991)).

[15] *Id.* at p. 3 (citing *Schwarz*, 767 F.2d at 127; *Energy Management Corp. v. City of Shreveport*, 467 F.3d 471 (5th Cir. 2006)).

[16] *Id.* (citing *Schwarz*, 767 F.2d at 127).

[17] *Id.* at p. 4.

necessity."[18]   Further, the Court must determine "that the expenses are allowable cost items and that the costs are reasonable in both amount and necessity to the litigation."[19]   Plaintiff asserts that "[a] party seeking costs bears the burden of supporting its request with evidence documenting the costs incurred and proof, when applicable, that a certain item was 'necessarily obtained for use in the case.'"[20]   If a party neglects to supply any verification that the costs claimed were necessarily incurred in the case and instead states only that the costs were expended in the preparation and litigation of the case, Plaintiff maintains that the district court does not abuse its discretion by denying all costs except filing fees.[21]

According to Plaintiff, the district court's factual determination of whether a deposition transcript was necessarily obtained is granted "great latitude," and should examine whether, at the time the deposition was taken, "it could reasonably be expected to be used for trial preparation, rather than merely for discovery."[22]   Plaintiff argues that the depositions of Chris Souquet, Joseph Perniciaro, George Dupuy, and Benny Hausknecht were for discovery purposes, as evidenced by the fact that the depositions were never used in connection with any motion filed with the Court nor were the deponents listed as potential trial witnesses in the Pre-trial Order.[23] Therefore, Plaintiff requests that the Court reduce any award of costs by $1,084.66.[24]

---

[18] *Id.* at p. 2 (citing *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994)).

[19] *Id.* at p. 3 (quoting *Roberson v. Brassell*, 29 F.Supp.2d 346 (S.D. Tex. 1998) (quoting *Commercial Credit Equip. Corp. v. Stamps*, 920 F.2d 1361, 1367 (7th Cir. 1990))).

[20] *Id.* at p. 2 (quoting *Fogleman*, 920 F.2d at 285-86).

[21] *Id.* at pp. 2-3 (citations omitted).

[22] *Id.* at p. 4 (quoting *Fogleman*, 920 F.2d at 285.)

[23] *Id.* at pp. 4-5.

[24] *Id.* at p. 5.

Finally, Plaintiff requests that the Court deny the $18,171.42 that Homeland seeks in copying costs, because Homeland has failed to meet "its burden to show that this amount is for copy costs necessarily obtained for use in the litigation and/or was reasonable."[25]   Plaintiff emphasizes that the Fifth Circuit, in *Fogleman*, considered whether an itemized breakdown of the copying costs was provided in the supporting documentation.[26]   Plaintiff avers that Homeland's failure to provide an itemized breakdown of the copying costs and a description of proof to show that the copying costs were necessarily obtained for use in the litigation should prevent Homeland from recovering such costs.[27]   Further, Plaintiff maintains that Homeland must demonstrate that the copying costs were reasonable, which it has failed to do because there is no documentation permitting the court to determine the price per copy.[28]   Therefore, Plaintiff asks this Court to deny Homeland's request for copying costs.

### C.  Homeland's Reply in Support of the Motion for Costs

First, Homeland contends that the reduction of the availability of funds to pay third parties is not a factor to be considered in determining whether costs should be awarded, and further notes that Plaintiff cites no case law supporting the relevance of such as a factor.[29]   According to Homeland, the language of the rule "reasonably bears the intendment that the prevailing party is prima facie entitled to costs," such that "there is a strong presumption under

---

[25] *Id.* at p. 6.

[26] *Id.* at p. 5.

[27] *Id.* at p. 6.

[28] *Id.* at p. 6.

[29] Rec. Doc. 539 at p. 1.

Rule 54(d)(1) that the prevailing party will be awarded costs."[30]   Therefore, the denial of costs is in the nature of a penalty."[31]   Homeland contends that the Fifth Circuit allows consideration of the following five factors in finding that a losing party may be excused from paying costs: (1) losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources.[32]   Homeland argues that although limited financial resources may be considered, the Fifth Circuit affirmed an award of costs against a party that had been out of work for nine months, in light of the strong presumption that the prevailing party will be awarded costs.[33]   Therefore, Homeland avers that an award of costs is warranted here where the financial considerations as to a third party are not appropriate and the bankruptcy estate has already paid Plaintiff's counsel over $1 million dollars.[34]

Second, Homeland maintains that the costs for all deposition transcripts and copying costs are recoverable.  Homeland notes that its testifying forensic information technology expert relied on the depositions of Souquet and Perniciaro and its financial expert relied on the depositions of Dupuy and Hausknecht to render their expert opinions.[35]   Therefore, Homeland is entitled to recover the costs of those deposition transcripts.  Likewise, Homeland argues that it is entitled to copying costs, which were billed at an average of 11 cents per page based on the

---

[30] *Id.* at p. 2 (citing *Walters v. Roadway Express, Inc.*, 557 F.2d 521, 526 (5th Cir. 1977)).

[31] *Id.*

[32] *Id.* (citing *Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006)).

[33] *Id.* at p. 3 (citing *Wade v. Peterson*, 416 Fed. Appx. 354 (5th Cir. 2011)).

[34] *Id.*

[35] *Id.* at p. 4.

additional itemization Homeland provided in the attachments to its reply.[36]  Homeland contends

that not only is the rate reasonable, but Homeland actually seeks to recover less in copying costs

than Plaintiff's attorneys submitted to the bankruptcy court for payment.[37]

### III.  Law and Analysis

#### A.  Standard Applied to a Motion for Costs

Fifth Circuit jurisprudence provides that a district court has wide discretion over whether

to award costs to the prevailing party,[38] and such a ruling will only be reversed if an abuse of

discretion is shown.[39]  However, under Rule 54(d) "there is a strong presumption that the

prevailing party will be awarded costs."[40]  When a district court denies the prevailing party the

recovery of costs it is "in the nature of a penalty for some defection on his part in the course of

litigation," and a court must state its reasons for denying such recovery.[41]

---

[36] *Id.* at p. 5.

[37] *Id.*

[38] *Energy Management Corp.*, 467 F.3d at 483; *see also Brazos Valley Coal. of Life, Inc. v. City of Bryan, Tex.*, 421 F.3d 314 (5th Cir. 2005); *Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 686 (5th Cir. 2001); *Shwarz*, 767 F.2d at 131.

[39] *Shwarz*, 767 F.2d at 131 (citing *Studiengesellschaft Kohle v. Eastman Kodak Co.*, 713 F.2d 128, 131 (5th Cir. 1983)); *see also Energy Management Corp.*, 467 F.3d at 483 (citing *Salley v. E.I. DuPont de Nemours & Co., Inc.*, 238 F.3d 674, 686 (5th Cir. 1992)).

[40] *Schwarz*, 767 F.2d at 131 (citing *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981)); *see also Energy Management Corp.*, 467 F.3d at 483 (citing *Salley*, 238 F.3d at 686); *Walters*, 557 F.2d at 526 ("[T]he prevailing party is prima facie entitled to costs and it is incumbent on the losing party to overcome that presumption.") (quoting *Popeil Brothers v. Schick Electric, Inc.*, 516 F.2d 772, 775 (7th Cir. 1975)).

[41] *Schwarz*, 767 F.2d at 131 (quoting *Popeil Brothers*, 516 F.2d at 775); *see also Pacheco*, 448 F.3d at 794-95 (holding that the district court's denial of costs to the prevailing party, without giving any reasons for doing so other than the losing party's good faith in bringing the action, was an abuse of discretion); *Walters*, 557 F.2d at 526 (holding that district court abused its discretion in failing to state any reasons as to why the prevailing party incurred the penalty of the denial of costs).

### B.  Applicable Law and Analysis

In *Shwarz*,[42] the Fifth Circuit held that the defendant is the "prevailing party" under Rule 54(d) when the plaintiff is granted a voluntary dismissal with prejudice under Rule 41(a)(2), because a dismissal with prejudice is tantamount to a judgment on the merits.[43]  Section 1920 of Title 28 of the United States Code provides that a prevailing party may recover the following costs:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.[44]

Under Fifth Circuit precedent, Homeland is clearly the prevailing party and as such is presumably entitled to recover the aforementioned cost.

### 1.  Denial of Costs to Prevailing Party

Courts may, but are not required to excuse a losing party from paying costs if the losing party brought the suit in good faith and can demonstrate one of the following five factors[45]:

> (1) the losing party's limited financial resources;
> (2) misconduct by the prevailing party;

---

[42] 767 F.2d 125.

[43] *Id.* at 130.

[44] 28 U.S.C. § 1920(1)-(6).

[45] *Wade*, 416 Fed. Appx. at 356.

      (3) close and difficult legal issues presented;

      (4) substantial benefit conferred to the public; and

      (5) the prevailing party's enormous financial resources.[46]

Here, Plaintiff has not demonstrated that it should be excused from paying costs under any of these factors, but instead, argues that any expenses recovered by Homeland will necessarily reduce the funds available to pay the creditors in the MBSMS bankruptcy. Likewise, while not dispositive, the fact that the estate has paid over $1 million dollars to Plaintiff's attorneys weighs against a finding that the losing party is so limited financially as to warrant a denial of all costs. In *Wade*, the Fifth Circuit upheld an award of costs even when the losing party claimed that she could not afford to pay costs because she had been unemployed for nine months.[47]

### 2. *Deposition Transcripts and Copying Costs*

The Fifth Circuit has held that "prevailing parties are entitled to recover the costs of original depositions and copies under 28 U.S.C. § 1920(2) and § 1920(4), respectively, provided they were "necessarily obtained for use in the case."[48] In order to recover the cost of deposition transcripts, Fifth Circuit precedent provides that depositions do not need to be introduced into evidence at trial, but merely need to be reasonably expected to be used for trial preparation at the time the deposition is taken.[49] Likewise, "a deposition copy obtained for use during trial or for trial preparation, rather than for the mere convenience of counsel, may be included in taxable

---

[46] *Pacheco*, 448 F.3d at 794.

[47] 416 Fed. Appx. at 356.

[48] *Fogleman*, 920 F.2d at 285 (citing *West Wind Africa Line, Ltd. v. Corpus Christi Marine Services Co.*, 834 F.2d 1232, 1237-38 (5th Cir. 1988); *United States v. Kolesar*, 313 F.2d 835, 383-40 (5th Cir. 1963)).

[49] *Id.* at 285.

costs."[50]   The Court is given great latitude in making the factual determination as to whether a deposition or copy meets the requisite level of necessity.[51]   Given that the deposition transcripts at issue here were used by testifying experts in their trial preparation, this Court finds that the deposition transcripts were reasonably obtained for use in trial preparation and Homeland is entitled to recover these costs.

The Court must also make a finding of necessity to award copying costs.[52]   The same standards applicable to copying depositions, set forth above, are also applicable to copying other documents.[53]   In *Fogleman*, the Fifth Circuit emphasized that an itemized breakdown was necessary in order for the court to determine whether the reproduction costs claimed were necessarily incurred.[54]   The *Fogleman* court noted that 10 cents per copy had previously been recognized as reasonable, but noted that on remand the district court was not required to adopt the same figure, but merely to make a "determination of the extent to which [the defendant's] general reproduction costs were necessarily incurred for use in the case."[55]   In its reply, Homeland provides the requisite itemized breakdown of copying costs needed for the Court to find that the expenses were necessarily incurred.[56]   The Court has broad discretion in making a factual determination as to the reasonableness of an average 11 cents per copy.   Therefore, this

---

[50] *Id.*

[51] *Id.* at 285-86.

[52] *Holmes v.Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994).

[53] *Fogleman*, 920 F.2d at 286.

[54] *Id.*

[55] *Id.* at 286-87.

[56] *See* Rec. Docs. 539-1 & 539-2.

Court finds that an award of copying costs to Homeland is appropriate here, because the expense was necessarily incurred and the amount reasonable.

## IV.  Conclusion

The Court finds that Homeland, as the prevailing party in this action, is entitled to recover costs in this action in the amount of $34,647.29, pursuant to Federal Rules of Civil Procedure 54(d).  The Court further finds that all expenses incurred for deposition transcripts and copying costs were necessarily incurred for use in trial preparation and were reasonable in amount.   Accordingly;

**IT IS HEREBY ORDERED** that Homeland's Motion for Costs[57] is **GRANTED**.

**NEW ORLEANS, LOUISIANA**, this  11th day of December, 2012.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[57] Rec. Doc. 534.